# N. V. Oliefabrieken T. Duyvis J. Z. *v.* George A. Street, Trading as George A. Street and Company, Appellant.

*Pleadings—Statement of claim—Affidavit of defense—Failure to deny facts averred in statement of claim—Failure to raise issue by pleadings—Effect.*

In an action of assumpsit to recover damages incurred because of defendant's refusal to accept certain shipments of oil, it appeared that the contract specified the time shipments were made but was

silent concerning the date of delivery. The affidavit of defense did not deny that shipments were made within the period specified by contract but alleged that delivery was not made when shipments were due and that time was the essence of the contract.

The affidavit of defense established no issue either as to the time of shipment or on the subject of delivery within a reasonable time and as these were the only questions raised at the trial, judgment was properly entered for the plaintiff.

Defenses not raised in the affidavit of defense cannot be interposed at the trial. Only those issues which are raised in the pleadings will be tried.

Argued October 13, 1927. Appeal No. 190, October T., 1927, by defendant from judgment of M. C., Philadelphia County, August T., 1926, No. 746, in the case of N. V. Oliefabrieken Y. Duyvis J. Z. v. George A. Street, trading as George A. Street and Company. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed.

Assumpsit to recover damages incurred by reason of defendant's failure to accept goods. Before Lewis, J., without a jury.

The court found for the plaintiff in the sum of $928.80, and entered judgment thereon. Defendant appealed.

*Errors assigned* were to various rulings on evidence and the finding of the court.

*John Weaver,* and with him *Russell Conway Cooney,* for appellant.

*Cecil P. Harvey,* and with him *George Wentworth Carr,* for appellee.

Opinion by Linn, J., March 2, 1928:

The point stressed in appellant's argument does not arise on the record. Plaintiff sold oil to defendant to be shipped from Holland. The suit was for the dif-

ference between what defendant agreed to pay for the oil and what plaintiff received on selling it for defendant's account after his refusal to accept. The contract provided for:

"Shipment: Direct and/or indirect from Holland to Philadelphia.
During: Fifty (50) barrels latter part of February, 1926 and fifty (50) barrels latter part of March, 1926."

Plaintiff alleged performance, refusal to accept, resale and loss, and after a trial by a judge without a jury, has judgment. The affidavit of defense did not deny shipment as provided in the contract, but merely denied delivery in Philadelphia by a date on which defendant alleged delivery to be "due" as follows: "That in accordance with said terms [of the contract quoted above] fifty barrels were due for delivery to the defendant in Philadelphia not later than March 20, 1926 [in one case, and April 20 in the other] and when said fifty barrels did not arrive March 20 [April 20 for the second shipment] the defendant" declined to accept and so notified plaintiff. "Defendant avers that time was the essence of said contract and that by the terms of the said contract when delivery was not made in accordance with the time limit stated in the contract, the defendant was under no obligation to accept said shipment or any part thereof: for this reason the defendant refused to accept any part of said shipment."

There is no allegation denying that the shipments were made within the periods specified; for want of such denial, shipment in time was therefore admitted by the pleading. The issues to be tried are those made in the pleadings, and no others; if defendant had wished to make an issue of the time of shipment he should have said so in the affidavit of defense: Sec. 16

Practice Act 1915, P. L. 483, Lamborn v. Kirkpatrick, 288 Pa. 114, 119.

The denial seems to be of delivery in Philadelphia on the date on which defendant expected delivery, but it is to be observed that no Philadelphia delivery date is stated in the contract; moreover, the denial is not properly pleaded to create an issue on the subject of delivery within a reasonable time; defendant merely asserts that the shipments "were due for delivery"—an averment not directly related to the contract and entirely too general for any useful purpose; the affidavit does not state what is the usual and ordinary time required for transportation within the phraseology:—"Shipment, direct and/or indirect from Holland to Philadelphia." Nor is it suggested that defendant's assertion that delivery was "due" in Philadelphia on the day named will support an inference that the shipments were not made within the time agreed upon; indeed, defendant offered no evidence of any kind at the trial.

The plaintiff read in evidence the allegations of the statement of claim showing the sale, the arrival of one cargo April 6 and the other May 6, and in each case the number of pounds composing the shipment; that established those facts.

The contest at the trial seems to have related to the resale for the plaintiff's account to show its loss, and two questions were prominent: was the resale at the market value? what was the weight of the oil? At the conclusion of plaintiff's case, defendant asked the court to rule that before plaintiff could recover it must show shipments in February and March. Plaintiff replied that the affidavit raised no issue as to the time of shipment and that the contract contained no provision fixing a certain day for delivery. To that defendant stated: "...... it is the only question raised in this case beside market value, and I have decided

to waive that and stand on the other." We understand with the court below that the evidence of market value was then undisputed. The weight of the oil could not be disputed as it was admitted in the affidavit of defense.

Judgment affirmed.